UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JESUS AVILA,

        Plaintiff,                      CIVIL ACTION NO. 05 CV 71427 DT

v.                                  DISTRICT JUDGE NANCY G. EDMUNDS

PATRICIA CARUSO, *et al.*,        MAGISTRATE JUDGE VIRGINIA M. MORGAN

        Defendants.
_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

This prisoner civil rights matter comes before the court on a motion to dismiss by defendants Patricia Caruso and Bill Martin.  For the reasons stated below, the court recommends that the motion be granted and plaintiff's complaint be dismissed in its entirety.

### II.  Background

On April 12, 2005, plaintiff filed suit pursuant to 42 U.S.C. §§ 1983, 1985(3), alleging that defendants, who are all Michigan Department of Corrections (MDOC) officials, denied him necessary health care while he was an inmate at the Cassidy Lake Correctional Facility, in violation of his rights under the Eighth Amendment to the United States Constitution.  Plaintiff also alleged claims under the Fourth, Fifth, and Fourteenth Amendments, as well as state law gross negligence and intentional infliction of emotional distress claims.

On June 9, 2005, the district court entered an order dismissing plaintiff's state law claims without prejudice. Further, the district court determined that the complaint did not meet the requirements of Fed. R. Civ. P. 8 with respect to plaintiff's Fourth and Fifth Amendment claims. Accordingly, the district court directed plaintiff to file an amended complaint to cure the deficiencies in those claims on or before July 12, 2005. The order provided that if plaintiff failed to file an amended complaint as directed, "THE COURT SHALL DISMISS THE CLAIMS under the Fourth and Fifth Amendments for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6)." Plaintiff did not file an amended complaint. Therefore, in accordance with the district court's June 9, 2005 order, the court recommends that plaintiff's Fourth and Fifth Amendment claims be dismissed with prejudice for failure to state a claim on which relief may be granted.

That leaves only plaintiff's Eighth and Fourteenth Amendment claims. Defendants Caruso and Martin seek dismissal of those claims on a variety of grounds pursuant to Fed. R. Civ. P. 12(b)(1), (6). They claim that they are entitled to immunity under the Eleventh Amendment to the extent plaintiff has brought suit against them in their "official" capacities. They also claim that they were not personally involved in the misconduct alleged in the complaint, that plaintiff's claims against them are time-barred, and that plaintiff failed to exhaust his administrative remedies prior to filing suit, as required by 42 U.S.C. § 1997e(a).

The court issued an order giving plaintiff until October 11, 2005 to file a response to defendants' motion. Plaintiff did not do so. The court thus cancelled the hearing on the motion,

which was set for October 19, 2005, and will now decide the motion on the papers submitted by defendants.

**III. Analysis**

**A. Eleventh Amendment Immunity**

"[T]he Eleventh Amendment bars § 1983 suits seeking money damages against states and against state employees sued in their official capacities." Rodgers v. Banks, 344 F.3d 587, 594 (6th Cir. 2003); see also Sims v. Michigan Dept. of Corrections, 23 Fed.Appx. 213, 215 (6th Cir. 2001)(noting that State of Michigan has not consented to civil rights suits in federal court). Eleventh Amendment immunity also applies to claims brought under 42 U.S.C. § 1985(3). See, e.g., Wells v. Board of Trustees of California State University, __ F.Supp.2d __, 2005 WL 2463727 (N.D. Cal. 2005). Accordingly, to the extent plaintiff seeks to recover damages under §§ 1983, 1985(3) from defendants Martin and Caruso in their official capacities, those claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

**B. Lack of Personal Involvement and Statute of Limitations Defenses**

Though defendants purport to seek dismissal of plaintiff's claims pursuant to Rule 12(b)(6) based upon lack of personal involvement and plaintiff's failure to file suit within the applicable statute of limitations, they have relied on matters outside of the pleadings in advancing these defenses. Defendants are, in essence, seeking summary judgment pursuant to Fed. R. Civ. P. 56.

A motion to dismiss under Rule 12(b)(6) "tests whether a cognizable claim has been pleaded in the complaint." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Thus, matters outside of the pleadings are not considered in deciding such a motion. Where a party

has submitted matters outside of the pleadings in connection with a 12(b)(6) motion, the court may convert the motion into one for summary judgment. If the court chooses to do so, it must give the parties notice of its intention to treat the motion as one for summary judgment and an opportunity to submit evidentiary material. Fed. R. Civ. P. 12(b)("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56"). The court declines to treat the motion as one for summary judgment under Rule 56, and thus will not address defendants' lack of personal involvement and statute of limitations defenses. Rather, the court will dispose of the motion on the final ground asserted by defendants – that plaintiff failed to exhaust his administrative remedies prior to filing suit. This defense applies to both the moving and the non-moving defendants and mandates dismissal of all remaining claims, albeit without prejudice. Conversion of the motion to dismiss into a motion for summary judgment, with its attendant notice requirements, would unnecessarily prolong these proceedings and result in a waste of judicial resources.

### C. Failure to Exhaust Administrative Remedies

Under 42 U.S.C. § 1997e(a), an inmate must exhaust his administrative remedies prior to filing an action under federal law regarding the conditions of his confinement. The exhaustion requirement of § 1997e(a) "applies to all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v.

Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).  The prisoner bears the burden of establishing exhaustion under § 1997e(a).  Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998).  In order to carry that burden, the prisoner must allege that he exhausted all available administrative remedies and must either attach documentation to his complaint showing the administrative disposition of any grievances he filed or describe the administrative proceedings and the outcome thereof with specificity.  Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).  Further, "a prisoner must administratively exhaust his or her claim as to each defendant associated with the claim."  Burton v. Jones, 321 F.3d 569, 575 (6th Cir. 2003).

Plaintiff neither alleged in his complaint that he exhausted his administrative remedies nor attached documentation to his complaint demonstrating exhaustion.  Accordingly, plaintiff has plainly failed to satisfy his burden of demonstrating compliance with the requirements of § 1997e(a).  His remaining claims must therefore be dismissed.

### IV. Conclusion

For the reasons stated above, the court recommends the following:

(1) that the motion to dismiss brought by defendants Caruso and Martin be **GRANTED**;

(2) that plaintiff's Fourth and Fifth Amendment claims be **DISMISSED WITH PREJUDICE** in accordance with the district court's prior order;

(3) that plaintiff's "official capacity" claims for monetary relief against defendants Caruso and Martin be **DISMISSED WITHOUT PREJUDICE**, to the extent any such claims are alleged in the complaint; and

(4) that plaintiff's remaining claims against both the moving and non-moving defendants be **DISMISSED WITHOUT PREJUDICE** based upon plaintiff's failure to demonstrate that he exhausted his administrative remedies prior to filing suit.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                          s/Virginia M. Morgan
                                          VIRGINIA M. MORGAN
Dated:   November 21, 2005        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JESUS AVILA,

        Plaintiff,                   CIVIL ACTION NO. 05 CV 71427 DT

    v.                              DISTRICT JUDGE NANCY G. EDMUNDS

PATRICIA CARUSO, *et al.*,       MAGISTRATE JUDGE VIRGINIA M. MORGAN

        Defendants.
_____/


**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on November 21, 2005.

                                                  s/J Hernandez
                                                  Case Manager to
                                                  Magistrate Judge Virginia M. Morgan